**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOB DOROSZ, | ) |
| | ) |
| Plaintiff, | ) N<u>o.</u> 1:19-cv- |
| | ) |
| v. | ) Honorable Judge |
| | ) |
| JIMMY'S RESTAURANT, INC. D/B/A/ | ) |
| JIMMY'S GENTLEMEN'S CLUB, AN | ) Magistrate Judge |
| ILLINOIS CORPORATION AND JIM | ) |
| LEONARDO, INDIVIDUALLY | ) |
| | ) ___***JURY DEMAND***___ |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, **BOB DOROSZ** , ("Plaintiff"), by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendants, **JIMMY'S RESTAURANT, INC. D/B/A/ JIMMY'S GENTLEMEN'S CLUB, AN ILLINOIS CORPORATION, AND JIM LEONARDO, INDIVIDUALLY,** (each a "Defendant", collectively "the Defendants"), states as follows:

## I.   NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

## II.   JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III.    THE PARTIES

3.     Defendant, **JIMMY'S RESTAURANT, INC. D/B/A/ JIMMY'S GENTLEMEN'S CLUB** (hereinafter referred to individually as a "Defendant") owns and operates an adult entertainment club and restaurant located at 410 Lincoln Hwy, Chicago Heights, Illinois 60411. Defendant, **JIMMY'S RESTAURANT, INC. D/B/A/ JIMMY'S GENTLEMEN'S CLUB,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **JIM LEONARDO,** (hereinafter referred to individually as a "Defendant") is the owner of the corporate Defendant, **JIMMY'S RESTAURANT, INC. D/B/A/ JIMMY'S GENTLEMEN'S CLUB** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

5.     Plaintiff, **BOB DOROSZ** (hereinafter referred to as "Plaintiff") is a former employee of Defendants who, between approximately June 8, 2015 and May 13, 2018, was employed as a security officer and disc jockey ("DJ"). During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff Dorosz was also at times misclassified as a 1099 independent contractor.

2

6.      The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

## IV.    STATUTORY VIOLATIONS

### Fair Labor Standards Act

7.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9.      Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10.     Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

11.     Plaintiff was paid for all hours, including those in excess of (40) in a workweek, at his straight-time rate of pay instead of at time and one-half.

12.     Additionally, Defendants at times employed Plaintiff on an improper independent contractor basis when in fact, any such additional job duties performed by Plaintiff nevertheless qualified him as an employee under the provisions of the FLSA and the pendant state statute.

13.     Beginning in approximately January 2018, in a further attempt to circumvent the federal and state statutes relied upon herein, Defendants bifurcated Plaintiff's job duties into two different compensation structures to continue to avoid overtime obligations, as they paid Plaintiff as a W-2 employee at straight time for all hours in which he performed security duties, and as a 1099 independent contractor at a reduced straight time rate for all hours in which he performed DJ duties.

14.     All hours worked by Plaintiff between both job duties were always performed within the same statutory work weeks. When combining the hours worked by Plaintiff performing both job duties, Plaintiff worked in excess for forty (40) hours in many if not all workweeks during his employment.

15.     During such time, Defendants issued Plaintiff two separate payroll checks – one for hours worked as security and another for hours worked as a DJ, such that it appeared Plaintiff worked fewer than forty (40) hours in various workweeks.

16.     During the time in which Defendants engaged in this dual pay scheme, Plaintiff continued to work in excess of forty (40) hours in various workweeks without pay at a rate of time and one-half for such hours.

17.     Plaintiff was denied time and one half his regular rates of pay for hours worked, both as an employee and improperly classified independent contractor, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17.    Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully

herein as paragraphs 1 through 17 of this Count I.

18.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff is

entitled to compensation at a rate not less than one and one-half times his regular rates of pay for

all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the

filing of this action.

19.    Defendants have during certain times relevant hereto failed and refused to pay

compensation to Plaintiff as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)    awarding back pay equal to the amount of all unpaid overtime compensation for
the two (2) years preceding the filing of this Complaint, according to the applicable statute of
limitations;

(b)    awarding prejudgment interest with respect to the total amount of unpaid overtime
compensation;

(c)    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of
Defendants' violations of the Fair Labor Standards Act; and,

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19.    Paragraphs 1 through 19 of Count I are realleged and incorporated as though set

forth fully herein as Paragraphs 1 through 19 of Count II.

20.    Defendants' actions as complained of above were done with Defendants'

knowledge that the compensation policies and practices at issue were in violation of the statutes

alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

21.     Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

**(d)** for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-21.    Paragraphs 1 through 21 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count III.

22.     In denying the Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. The Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23. Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages for three (3) years from the date of filing and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/21/2019*

/s/ John W. Billhorn

_____
John W. Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450